**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

RAG & BONE HOLDINGS, LLC and RB
TOPCO SAGL,

        Plaintiffs,

      v.

MIRAMAR BRANDS GROUP, INC.,

        Defendants.

Case No.    1:25-cv-09937-LGS

**ORDER ON PLAINTIFFS'**
**APPLICATION FOR TEMPORARY RESTRAINING ORDER**

Plaintiffs Rag & Bone Holdings, LLC ("Rag & Bone") and RB Topco Sagl ("Topco," together with Rag & Bone, "Plaintiffs"), have applied to this Court for a temporary restraining order (the "Motion") enjoining Defendant Miramar Brands Group, Inc. ("MBG") from (1) further interfering with Plaintiffs' sale, use, or distribution of goods bearing, or labeled under, the MIRAMAR name (the "Interference"), pending the outcome of Plaintiffs' application for a preliminary injunction, and (2) requiring MBG to inform third parties to whom it had previously requested or demanded action to prevent Plaintiffs' sale, use, or distribution of goods bearing, or labeled under, the MIRAMAR name, that MBG is now prohibited from engaging in the Interference until the Court's order on Plaintiffs' pending application for a preliminary injunction. The Court has now read and considered the Motion, carefully reviewed the evidence before it, and held a hearing on the Motion.

The Court makes the following findings of fact and conclusions of law:

1.     This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1331 because this action arises under the Federal Lanham Act, 15 U.S.C. §§ 1051, *et seq*.

1

2.    This Court has supplemental jurisdiction over Plaintiffs' related state law claims pursuant to 28 U.S.C. § 1367.

3.    MBG is subject to personal jurisdiction in this Court having appeared and not objected to personal jurisdiction.

4.    "[T]he traditional standards which govern consideration of an application for a temporary restraining order . . . are the same standards as those which govern a preliminary injunction." *Loc. 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. N.Y. Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992). "A party seeking a preliminary injunction must show (1) irreparable harm; (2) either a likelihood of success on the merits or both serious questions on the merits and a balance of hardships decidedly favoring the moving party; and (3) that a preliminary injunction is in the public interest." *N. Am. Soccer League, LLC v. United States Soccer Fed'n, Inc.*, 883 F.3d 32, 37 (2d Cir. 2018). The moving party need only show likelihood of "success on the merits of at least one claim to justify preliminary injunctive relief." *New York Pathological & X-Ray Lab'ys, Inc. v. Immigr. & Naturalization Serv.*, 523 F.2d 79, 82 (2d Cir. 1975).

5.    Plaintiffs have shown they are likely to suffer irreparable harm absent the injunctive relief requested. "[I]rreparable harm exists 'where, but for the grant of equitable relief, there is a substantial chance that upon final resolution of the action the parties cannot be returned to the positions they previously occupied.'" *State Farm Mut. Auto. Ins. Co. v. Tri-Borough NY Med. Prac. P.C.*, 120 F.4th 59, 80 (2d Cir. 2024) (quoting *Brenntag Int'l Chems., Inc. v. Bank of India*, 175 F.3d 245, 249 (2d Cir. 1999)).

6.    At this stage, Plaintiffs have shown sufficient irreparable harm to warrant the relief set out herein. Plaintiffs have shown that they have already lost, and will continue to lose, valuable opportunities to enhance brand and product recognition during the holiday season as well as the

loss of goodwill and reputation, resulting in immediate irreparable harm. This harm flows from the fact that Plaintiffs cannot use the name of their featured products in their marketing, advertising, and promotional activity through online platforms operated by Meta Products, Inc. ("Meta") and Amazon.com, Inc.

7.      The Court also finds that this case presents serious questions on the merits and that the balance of hardships decidedly favors Plaintiffs.

8.      Plaintiffs have raised serious questions concerning whether MBG has a valid trademark infringement claim, and thus serious questions on the merits of Plaintiffs' declaratory judgment claim for trademark non-infringement under the Lanham Act.

    a.  Plaintiffs have raised serious questions as to the equitable defense of laches.

    b.  Plaintiffs have raised serious questions as to the likelihood of confusion, which is necessary to any claim of trademark infringement. The Court notes in particular that:

        i.  The alleged trademark as used by MBG is relatively weak;

        ii.  the parties' products at issue are sold in different places and are purchased by different consumers; and

        iii.  the products themselves are quite different in nature and quality.

    c.  For all of those reasons, as well as those discussed by counsel at oral argument, Plaintiffs have at least shown serious questions on the merits of their Lanham Act declaratory judgment claim.

9.      The balance of hardships weighs in Plaintiffs' favor because Plaintiffs have shown that MBG's conduct has occurred, and threatens to continue occurring, during an especially difficult time for Plaintiffs: the peak holiday shopping season. The Court concludes Plaintiffs have

shown that MBG's actions have already harmed, and risk continuing to harm, Plaintiffs' business during this time by, among other things, interfering with Plaintiffs' ability to promote and engender goodwill in its brand.

### TEMPORARY RESTRAINING ORDER

10.    Sufficient reason having been shown therefor, pending the hearing of Plaintiffs' application for a preliminary injunction, pursuant to Fed. R. Civ. P. 65, MBG and all of its officers, employees, agents, and anyone acting for, on behalf of, or in concert with MBG, including MBG's affiliates, are hereby temporarily restrained and enjoined from initiating, taking, or otherwise facilitating Interference.

11.    By no later than two business days following entry of this Order, MBG shall notify in writing any and all third parties who it requested or demanded action to prevent Plaintiffs' sale, use, or distribution of goods bearing, or labeled under, the MIRAMAR name, that MBG is now prohibited by this Order from engaging in the Interference until further order from this Court (the "Third Party Remedial Communications").

12.    The Third Party Remedial Communications must state, "Miramar now is prohibited from interfering with [insert name of Third Party]'s efforts to sell, use, or distribute in connection with the RAG & BONE brand until the Court's order on Rag & Bone's pending application for a preliminary injunction."

13.    MBG shall attach a copy of this Order to each Third Party Remedial Communication and shall send a copy of each Third Party Remedial Communication to Rag & Bone.

14.    Plaintiffs shall post a bond in the amount of $20,000 within fourteen (14) days of this Order.

5

15.    This Order shall remain in full force and effect until a decision is rendered on

Plaintiffs' pending application for preliminary injunction (Dkt. 9) or further order of this Court.

Dated: December 3, 2025
        New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE