UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Rag & Bone Holdings, LLC and RB Topco Sagl,

    Plaintiffs,

  v.

Miramar Brands Group, Inc.,

    Defendant.

Case No. 1:25-cv-09937-LGS

**Defendant's Notice And Motion To Dismiss Complaint**

PLEASE TAKE NOTICE that Defendant Miramar Brands Group, Inc. ("MBG") hereby will move this Court, before the Honorable Lorna G. Schofield, United States District Court Judge, Southern District of New York, at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York, for an Order dismissing the Complaint filed by Plaintiffs Rag & Bone Holdings, LLC and RB Topco Sagl ("Plaintiffs") under Rule 12(b)(2) and/or Rule 12(b)(3).

**Introduction**

Defendant MBG is a two-person, founder-led, privately-held California corporation, with its only place of business in Southern California and no significant business activities in this District or New York generally. MBG was

1

founded in 1983 by, among others, its principal Stephen Yount Ascher, Jr. and renowned volleyball Olympian Christopher St. John "Sinjin" Smith.  *See* Ascher Decl. ¶ 2.[1]  MBG owns and licenses a portfolio of registered trademarks and sports-entertainment formats, including the MIRAMAR® brand as well as the "King of the Beach" and "King of the Court" brands, and related apparel and athleisure lifestyle goods.  MBG's official websites include miramarbrands.com, miramarstores.com, miramar.shop, miramarmarine.com, miramarofficial.com, miramardenim.com, kingofthebeach.com, kingofthecourt.com and queenofthesnow.com.  MBG's social media handles include @miramar, @miramarfilm, @kingofthebeachusa, @queenofthebeachusa and others.  MBG's foundational and longstanding brands include MIRAMAR®, SIDEOUT®, QUEEN & KING OF THE BEACH®, QUEEN & KING OF THE COURT® and QUEEN & KING OF THE SNOW® used in connection with apparel, sportswear, lifestyle goods, accessories and globally-promoted sports and media events (collectively the "Crown Brands").  *See id.* ¶¶ 3-4, Ex. A (selected pages from MBG's websites).

---

[1] Filed herewith is the Declaration of Stephen Y. Ascher, Jr., which also supports MBG's opposition to Plaintiffs' preliminary injunction motion.

In their Complaint, Plaintiffs assert claims for (a) no trademark infringement (requesting a declaratory judgment), (b) unfair competition, and (c) tortious interference with business relations.  Concerning the required *prima facie* basis for this Court to exercise personal jurisdiction over MBG, Plaintiffs allege correctly that "MBG is a corporation organized under the laws of the State of California with headquarters in Pasadena, California," not anywhere near this District.  *See* Compl. ¶ 40.  The only allegations aimed at supporting personal jurisdiction are general incantations, for example, that MBG allegedly "engaged in tortious activity both in and out of the State of New York, causing injury in New York County, to Rag & Bone, which is headquartered in New York City."  *See id.* ¶ 50.

Similarly generic, sweeping, insufficient allegations appear in subsequent paragraphs.  *See id.* at ¶ 51 (alleging that "at least one Tortious Communication was directed to an entity located in New York County, and Meta's compliance with MBG's demands to takedown advertisements, postings, and product listings on Facebook and Instagram occurred in New York"); *id.* at ¶ 52 (alleging that "MBG's demands to Plaintiffs and third parties sought the removal of the RAG & BONE Miramar product line from all physical and e-commerce platforms, including those in New York County"); *id.* at ¶ 53 (alleging that "MBG transacts business in New York County and that business has a substantial nexus to Plaintiffs' claims"); *id.* at ¶ 54 (alleging that "MBG has asserted that its brand will

be damaged everywhere, including New York County"); *id.* at ¶ 55 (alleging that "Rag & Bone sells . . . all over the United States, including to consumers in New York County"). Concerning the necessary support for this Court as an appropriate venue, Plaintiffs allege only that "a substantial part of the events giving rise to Plaintiffs' claims occurred in New York County." *Id.* at ¶ 57.

## Legal Standards

Under Rule 12(b)(2), it is Plaintiffs' burden to establish a *prima facie* case of personal jurisdiction over a nonresident defendant. *See Jordan v. Delta Air Lines, Inc.*, No. 25-2570, 2026 WL 36347, at *2 (S.D.N.Y. Jan. 6, 2026) ("This *prima facie* showing must include an averment of facts that, if credited by the ultimate trier of fact, would suffice to establish jurisdiction over the defendant."); *HSM Holdings, LLC v. Mantu I.M. Mobile Ltd.*, No. 20-967, 2021 WL 918556, at *6 (S.D.N.Y. Mar. 10, 2021) (court also "must examine whether the exercise of personal jurisdiction comports with constitutional due process"); *Jordan* at *4 (finding "it is clear that Delta did not transact business in New York sufficient to grant this Court jurisdiction").

Likewise, "It is well established that, on a motion to dismiss for improper venue under Rule 12(b)(3), the burden is on the plaintiff to make a *prima facie* showing of venue." *Burlingame v. Argo Priv. Client Grp., Ltd.*, No. 25-1704, 2025 WL 3653245, at *2 (S.D.N.Y. Dec. 17, 2025) ("Burlingame, having failed to make

4

any showing at all, has 'effectively conced[ed]' the point.") (citing *U.S. Commodity Futures Trading Comm'n v. Wilson*, 27 F. Supp. 3d 517, 536 (S.D.N.Y. 2014) and *Cornetta v. Town of Highlands*, No. 18-12070, 2021 WL 4311170, at *3 (S.D.N.Y. Sept. 21, 2021)); *see also* 28 U.S.C. §§ 1404(a), 1406(a) (where venue improper court may dismiss or transfer to an appropriate venue). Proper venue under 28 U.S.C. § 1391 turns on where a defendant resides, which here is only California for Defendant MBG. *See* 28 U.S.C. § 1391(b)(1) (judicial district "in which any defendant resides"); 28 U.S.C. § 1391(b)(2) (judicial district "in which a substantial part of the events or omissions giving rise to the claim occurred"); 28 U.S.C. § 1391(b)(3) (judicial district "in which any defendant is subject to the court's personal jurisdiction").

## This Court Lacks Personal Jurisdiction Over MBG

The Complaint should be dismissed under Rule 12(b)(2) for lack of personal jurisdiction because Plaintiffs alleges no plausible factual basis for this Court to exercise personal jurisdiction over Defendant MBG. The only allegations related to personal jurisdiction are in Paragraphs 51-55, which acknowledge that MBG is a California corporation "with its headquarters in Pasadena, California," and otherwise allege only generic assertions of conduct with some theoretical connection to Plaintiffs in New York. Without any facts alleged which *plausibly* demonstrate the necessary "minimum contacts" between any action of MBG and

this District, there is no basis for this Court to exercise personal jurisdiction over MBG, and a dismissal under Rule 12(b)(2) is warranted.

## **Venue Before This Court Would Be Improper**

In the alternative, the Complaint should be dismissed under Rule 12(b)(3) for improper venue because Plaintiffs alleges no plausible factual basis for this Court to find venue is proper in this District. For example, Paragraph 51 acknowledges that MBG is a California corporation "with its headquarters in Pasadena, California," so venue would be improper under 28 U.S.C. §§ 1391(b)(1) or 1391(b)(3). Concerning 28 U.S.C. § 1391(b)(2), Plaintiffs allege in Paragraph 57 only generically that "a substantial part of the events giving rise to Plaintiffs' claims occurred in New York County," the residence of Plaintiffs. No specific facts are alleged, however, substantiating this allegation or making it plausible. Nor are there any specific witnesses in this District. Therefore, a dismissal under Rule 12(b)(3) is warranted, or at least a transfer of this action under 28 U.S.C. §§ 1404(a) and 1406(a) to the only proper venue—that is, MBG's home Central District of California, where a related action already is pending.[2]

---

[2] Because a related action by MBG for trademark infringement already is pending, the simplicity of a dismissal rather than a transfer would be sufficient.

## **Conclusion**

For each and all of the above reasons, Defendant MBG respectfully requests that this Court should dismiss Plaintiffs' Complaint.

Dated:  January 20, 2026             Respectfully submitted,

/s/ Stephen M. Lobbin
Stephen M. Lobbin (CA-SBN 181195)
*admitted in SDNY*
sml@smlavvocati.com
**SML Avvocati P.C.**
4640 Cass Street #90142
San Diego, California 92109
Tel: 949.636.1391

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that, on January 20, 2026, a true and correct copy of the above document was provided to all counsel of record through the Court's CM/ECF system.

/s/ Stephen M. Lobbin