EXHIBIT H

U.S. PATENT AND TRADEMARK OFFICE ACTION

**INDEPENDENT USPTO DETERMINATION OF LIKELIHOOD OF CONFUSION**

DATED OCTOBER 30, 2025

(36 PAGES)

## United States Patent and Trademark Office (USPTO)

# USPTO OFFICIAL NOTICE

Office Action (Official Letter) has issued
on October 30, 2025 for
**U.S. Trademark Application Serial No. 99224195**

A USPTO examining attorney has reviewed your trademark application and issued an Office action.  You must respond to this Office action to avoid your application abandoning.  Follow the steps below.

**(1)  Read the Office action.**  This email is NOT the Office action.

**(2)  Respond to the Office action by the deadline** using the Trademark Electronic Application System (TEAS).  Your response, or extension request, must be received by the USPTO on or before 11:59 p.m. **Eastern Time** of the last day of the response deadline.  Otherwise, your application will be abandoned.  See the Office action itself regarding how to respond.

**(3)  Direct general questions** about using USPTO electronic forms, the USPTO website, the application process, the status of your application, and whether there are outstanding deadlines to the Trademark Assistance Center (TAC).

After reading the Office action, address any question(s) regarding the specific content to the USPTO examining attorney identified in the Office action.

## GENERAL GUIDANCE
- **Check the status** of your application periodically in the Trademark Status & Document Retrieval (TSDR) database to avoid missing critical deadlines.

- **Update your correspondence email address** to ensure you receive important USPTO notices about your application.

- **Beware of trademark-related scams.**  Protect yourself from people and companies that may try to take financial advantage of you.  Private companies may call you and pretend to be the USPTO or may send you communications that resemble official USPTO documents to trick you.  We will never request your credit card number or social security number over the phone.  Verify the correspondence originated from us by using your serial number in our database, TSDR, to confirm that it appears under the "Documents" tab, or contact the Trademark Assistance Center.

- **Hiring a U.S.-licensed attorney.**  If you do not have an attorney and are not required to

have one under the trademark rules, we encourage you to hire a U.S.-licensed attorney specializing in trademark law to help guide you through the registration process.  The USPTO examining attorney is not your attorney and cannot give you legal advice, but rather works for and represents the USPTO in trademark matters.

| To: | Gregg Donnenfeld(trademark@whp-global.com) |
|---|---|
| Subject: | U.S. Trademark Application Serial No. 99224195 - RAG & BONE / MIRAMAR - - RB0154 |
| Sent: | October 30, 2025 03:14:44 PM EDT |
| Sent As: | tmng.notices@uspto.gov |

**Attachments**

6350005
3891117
6616262
3891118
7115747
Vince 2.jpg
Vince 1.jpg
Gstar 4.jpg
Gstar 3.jpg
Gstar 2.jpg
Gstar 1.jpg
Jcrew 1.jpg

## United States Patent and Trademark Office (USPTO)
### Office Action (Official Letter) About Applicant's Trademark Application

**U.S. Application Serial No.** 99224195

**Mark:** RAG & BONE / MIRAMAR

**Correspondence Address:**
Gregg Donnenfeld
530 FIFTH AVENUE
12TH FLOOR
New York City NY 10036
United States

**Applicant:** RB TopCo SAGL

**Reference/Docket No.** RB0154

**Correspondence Email Address:** trademark@whp-global.com

# NONFINAL OFFICE ACTION

**Response deadline.** File a response to this nonfinal Office action within three months of the "Issue date" below to avoid abandonment of the application. Review the Office action and respond using one

of the links to the appropriate electronic forms in the "How to respond" section below.

**Request an extension.** For a fee, applicant may request one three-month extension of the response deadline prior to filing a response. The request must be filed within three months of the "Issue date" below. If the extension request is granted, the USPTO must receive applicant's response to this letter within six months of the "Issue date" to avoid abandonment of the application.

**Issue date:**  October 30, 2025

The referenced application has been reviewed by the assigned trademark examining attorney. Applicant must respond timely and completely to the issue(s) below. 15 U.S.C. §1062(b); 37 C.F.R. §§2.62(a), 2.65(a); TMEP §§711, 718.03.

## SUMMARY OF ISSUES:

- SECTION 2(d) REFUSAL – LIKELIHOOD OF CONFUSION

## SECTION 2(d) REFUSAL – LIKELIHOOD OF CONFUSION

Registration of the applied-for mark is refused because of a likelihood of confusion with the following mark(s):

**Owned by the Same Registrant:**
- MIRAMAR, in standard characters, for "clothing, namely, swimwear, tops, shirts, T-shirts, sweatshirts, tank tops, coats, jackets, sweaters, pullovers, pants; headwear, namely, caps, hats, and visors; footwear, namely, sandals" in Class 25 (U.S. Registration No. 3891118)
- MIRAMAR, in stylized font, for "clothing, namely, swimwear, tops, shirts, T-shirts, sweatshirts, tank tops, coats, jackets, sweaters, pullovers, leggings, pants, shorts, socks, ; headwear, namely, caps, hats, and visors; footwear, namely, and sandals, sleepwear" in Class 25 (U.S. Registration No. 3891117)

**Owned by the Same Registrant:**
- MIRAMAR BEACH, in standard characters, for "Clothing, namely, tops, as clothing; sportswear, namely, athletic shirts; caps being headwear" in Class 25 (U.S. Registration No. 7115747)
- MIRAMAR EXPRESS, in standard characters, for "Hats" in Class 25 (U.S. Registration No. 6350005)
- MIRAMAR CLUB, in standard characters, for "Clothing, namely, tops, as clothing; caps being headwear" in Class 25 (U.S. Registration No. 6616262)

Trademark Act Section 2(d), 15 U.S.C. §1052(d); *see* TMEP §§1207.01 *et seq.* See the attached registration.


Trademark Act Section 2(d) bars registration of an applied-for mark that is so similar to a registered mark that it is likely consumers would be confused, mistaken, or deceived as to the commercial source of the goods and/or services of the parties. *See* 15 U.S.C. §1052(d). Likelihood of confusion is determined on a case-by-case basis by applying the factors set forth in *In re E. I. du Pont de Nemours & Co.*, 476 F.2d 1357, 1361, 177 USPQ 563, 567 (C.C.P.A. 1973) (called the "*du Pont* factors"). *In re i.am.symbolic, llc*, 866 F.3d 1315, 1322, 123 USPQ2d 1744, 1747 (Fed. Cir. 2017). Any evidence of record related to those factors need be considered; however, "not all of the *DuPont* factors are relevant or of similar weight in every case." *In re Guild Mortg. Co.*, 912 F.3d 1376, 1379, 129 USPQ2d 1160, 1162 (Fed. Cir. 2019) (quoting *In re Dixie Rests., Inc.*, 105 F.3d 1405, 1406, 41 USPQ2d 1531, 1533 (Fed. Cir. 1997)).


Although not all *du Pont* factors may be relevant, there are generally two key considerations in any likelihood of confusion analysis: (1) the similarities between the compared marks and (2) the relatedness of the compared goods and/or services. *See In re i.am.symbolic, llc*, 866 F.3d at 1322, 123 USPQ2d at 1747 (quoting *Herbko Int'l, Inc. v. Kappa Books, Inc.*, 308 F.3d 1156, 1164-65, 64 USPQ2d 1375, 1380 (Fed. Cir. 2002)); *Federated Foods, Inc. v. Fort Howard Paper Co.*, 544 F.2d 1098, 1103, 192 USPQ 24, 29 (C.C.P.A. 1976) ("The fundamental inquiry mandated by [Section] 2(d) goes to the cumulative effect of differences in the essential characteristics of the goods [or services] and differences in the marks."); TMEP §1207.01.

### 1. Similarity of the Marks

Marks are compared in their entireties for similarities in appearance, sound, connotation, and commercial impression. *Stone Lion Capital Partners, LP v. Lion Capital LLP*, 746 F.3d 1317, 1321, 110 USPQ2d 1157, 1160 (Fed. Cir. 2014) (quoting *Palm Bay Imps., Inc. v. Veuve Clicquot Ponsardin Maison Fondee En 1772*, 396 F.3d 1369, 1371, 73 USPQ2d 1689, 1691 (Fed. Cir. 2005)); TMEP §1207.01(b)-(b)(v). "Similarity in any one of these elements may be sufficient to find the marks confusingly similar." *In re Inn at St. John's, LLC*, 126 USPQ2d 1742, 1746 (TTAB 2018) (citing *In re Davia*, 110 USPQ2d 1810, 1812 (TTAB 2014)), *aff'd per curiam*, 777 F. App'x 516, 2019 BL 343921 (Fed. Cir. 2019); TMEP §1207.01(b).

Applicant's Mark: RAG & BONE / MIRAMAR, in standard characters

- MIRAMAR, in standard characters (U.S. Registration No. 3891118)


In this case, the marks are highly similar because the marks share the wording/phrasing, MIRAMAR. The only difference between the marks is applicant's addition of the wording RAG & BONE in its mark.

The incorporation of an entire mark within another has often been found to increase the similarity between the compared marks where, as in the present case, the dominant portion of the marks is the same. *See In re Charger Ventures LLC*, 64 F.4th 1375, 1381-82, 2023 USPQ2d 451, at *4-5 (Fed. Cir. 2023) (holding SPARK LIVING and SPARK confusingly similar); *Coca-Cola Bottling Co. v. Jos. E. Seagram & Sons, Inc.*, 526 F.2d 556, 557, 188 USPQ 105, 106 (C.C.P.A. 1975) (holding BENGAL

LANCER and design and BENGAL confusingly similar); *Double Coin Holdings, Ltd. v. Tru Dev.*, 2019 USPQ2d 377409, at *6-7 (TTAB 2019) (holding ROAD WARRIOR and WARRIOR (stylized) confusingly similar); *In re Mr. Recipe, LLC*, 118 USPQ2d 1084, 1090 (TTAB 2016) (holding JAWS DEVOUR YOUR HUNGER and JAWS confusingly similar); *Hunter Indus., Inc. v. Toro Co.*, 110 USPQ2d 1651, 1660-61 (TTAB 2014) (holding PRECISION DISTRIBUTION CONTROL and PRECISION confusingly similar); TMEP §1207.01(b)(iii).

In the present case, the applicant's addition of the wording, RAG & BONE, to the registrant's mark, MIRAMAR, does not obviate the likelihood of confusion as the additional wording does not alter the overall commercial impression between the marks. Thus, the marks are identical in part.

The addition of a term to a registered mark has often been found to increase the similarity between the compared marks where, as in the present case, the dominant portion of the marks is the same. *See In re Charger Ventures LLC*, 64 F.4th 1375, 1381-82, 2023 USPQ2d 451, at *4-5 (Fed. Cir. 2023) (holding SPARK and SPARK LIVING confusingly similar); *Coca-Cola Bottling Co. v. Jos. E. Seagram & Sons, Inc.*, 526 F.2d 556, 557, 188 USPQ 105, 106 (C.C.P.A. 1975) (holding BENGAL and BENGAL LANCER and design confusingly similar); *In re Toshiba Med. Sys. Corp.*, 91 USPQ2d 1266, 1269 (TTAB 2009) (holding TITAN and VANTAGE TITAN confusingly similar); *In re El Torito Rests., Inc.*, 9 USPQ2d 2002, 2004 (TTAB 1988) (holding MACHO and MACHO COMBOS confusingly similar); TMEP §1207.01(b)(iii).

Marks may be confusingly similar in appearance where similar terms or similar parts of terms appear in the compared marks and create a similar overall commercial impression. *See Crocker Nat'l Bank v. Canadian Imperial Bank of Com.*, 228 USPQ 689, 690-91 (TTAB 1986) (holding COMMCASH and COMMUNICASH confusingly similar), *aff'd sub nom. Canadian Imperial Bank of Com. v. Wells Fargo Bank, N.A.*, 811 F.2d 1490, 1492, 1495, 1 USPQ2d 1813, 1814-15, 1817 (Fed. Cir. 1987); *In re Corning Glass Works*, 229 USPQ 65, 66 (TTAB 1985) (holding CONFIRM and CONFIRMCELLS confusingly similar); *In re Pellerin Milnor Corp.*, 221 USPQ 558, 560 (TTAB 1983) (holding MILTRON and MILLTRONICS confusingly similar); *Sun Elec. Corp. v. Sun Oil Co.*, 196 USPQ 450, 452 (TTAB 1977) (holding SUNELECT and SUN ELECTRIC confusingly similar); *In re BASF Aktiengesellschaft*, 189 USPQ 424, 424 (TTAB 1976) (holding LUTEX and LUTEXAL confusingly similar); TMEP §1207.01(b)(ii)-(iii).

In this case, both marks share the similar wording, MIRAMAR. This similarity creates a confusingly similar commercial impression because consumers are likely to believe that registrant's mark is a condensed form of applicant's mark or that registrant has begun offering similar goods and services under another iteration of its registered mark. Thus, the addition of wording does not create a distinct commercial impression that distinguishes applicant's mark from registrant's mark.

Therefore, the marks are confusingly similar.

• MIRAMAR, in stylized font (U.S. Registration No. 3891117)

In this case, the marks are highly similar because the marks share the wording/phrasing, MIRAMAR.

The only difference between the marks is applicant's addition of the wording RAG & BONE and the removal of the stylizations in its mark.

In the present case, the applicant's addition of the wording, RAG & BONE, to the registrant's mark, MIRAMAR, does not obviate the likelihood of confusion as the additional wording does not alter the overall commercial impression between the marks. Thus, the marks are identical in part.

The addition of a term to a registered mark has often been found to increase the similarity between the compared marks where, as in the present case, the dominant portion of the marks is the same. *See In re Charger Ventures LLC*, 64 F.4th 1375, 1381-82, 2023 USPQ2d 451, at *4-5 (Fed. Cir. 2023) (holding SPARK and SPARK LIVING confusingly similar); *Coca-Cola Bottling Co. v. Jos. E. Seagram & Sons, Inc.*, 526 F.2d 556, 557, 188 USPQ 105, 106 (C.C.P.A. 1975) (holding BENGAL and BENGAL LANCER and design confusingly similar); *In re Toshiba Med. Sys. Corp.*, 91 USPQ2d 1266, 1269 (TTAB 2009) (holding TITAN and VANTAGE TITAN confusingly similar); *In re El Torito Rests., Inc.*, 9 USPQ2d 2002, 2004 (TTAB 1988) (holding MACHO and MACHO COMBOS confusingly similar); TMEP §1207.01(b)(iii).

In this case, both marks share the similar wording, MIRAMAR. This similarity creates a confusingly similar commercial impression because consumers are likely to believe that registrant's mark is a condensed form of applicant's mark or that registrant has begun offering similar goods and services under another iteration of its registered mark. Thus, the addition of wording does not create a distinct commercial impression that distinguishes applicant's mark from registrant's mark.

A mark in typed or standard characters may be displayed in any lettering style; the rights reside in the wording or other literal element and not in any particular display or rendition. *See In re Viterra Inc.*, 671 F.3d 1358, 1363, 101 USPQ2d 1905, 1909 (Fed. Cir. 2012); *In re Mighty Leaf Tea*, 601 F.3d 1342, 1348, 94 USPQ2d 1257, 1260 (Fed. Cir. 2010); 37 C.F.R. §2.52(a); TMEP §1207.01(c)(iii). Thus, a mark presented in stylized characters and/or with a design element generally will not avoid likelihood of confusion with a mark in typed or standard characters because the word portion could be presented in the same manner of display. *See, e.g., In re Viterra Inc.*, 671 F.3d at 1363, 101 USPQ2d at 1909; *Squirtco v. Tomy Corp.*, 697 F.2d 1038, 1041, 216 USPQ 937, 939 (Fed. Cir. 1983) (stating that "the argument concerning a difference in type style is not viable where one party asserts rights in no particular display").

Therefore, the marks are confusingly similar.

- MIRAMAR BEACH, in standard characters (U.S. Registration No. 7115747)

In this case, the marks are highly similar because the marks share the wording/phrasing, MIRAMAR. The only difference between the marks is applicant's substitution of the wording BEACH with the wording RAG & BONE in its mark.

Marks may be confusingly similar in appearance where similar terms or similar parts of terms appear in the compared marks and create a similar overall commercial impression. *See Crocker Nat'l Bank v. Canadian Imperial Bank of Com.*, 228 USPQ 689, 690-91 (TTAB 1986) (holding COMMCASH and

COMMUNICASH confusingly similar), *aff'd sub nom. Canadian Imperial Bank of Com. v. Wells Fargo Bank, N.A.*, 811 F.2d 1490, 1492, 1495, 1 USPQ2d 1813, 1814-15, 1817 (Fed. Cir. 1987); *In re Corning Glass Works*, 229 USPQ 65, 66 (TTAB 1985) (holding CONFIRM and CONFIRMCELLS confusingly similar); *In re Pellerin Milnor Corp.*, 221 USPQ 558, 560 (TTAB 1983) (holding MILTRON and MILLTRONICS confusingly similar); *Sun Elec. Corp. v. Sun Oil Co.*, 196 USPQ 450, 452 (TTAB 1977) (holding SUNELECT and SUN ELECTRIC confusingly similar); *In re BASF Aktiengesellschaft*, 189 USPQ 424, 424 (TTAB 1976) (holding LUTEX and LUTEXAL confusingly similar); TMEP §1207.01(b)(ii)-(iii).


In this case, both marks share the similar wording, MIRAMAR. This similarity creates a confusingly similar commercial impression because consumers are likely to believe that registrant has begun offering similar  goods and services under another iteration of its registered mark. Thus, the substitution of wording does not create a distinct commercial impression that distinguishes applicant's mark from registrant's mark.


Therefore, the marks are confusingly similar.


- MIRAMAR EXPRESS, in standard characters (U.S. Registration No. 6350005)

In this case, the marks are highly similar because the marks share the wording/phrasing, MIRAMAR. The only difference between the marks is applicant's substitution of the wording EXPRESS with the wording RAG & BONE in its mark.


In this case, both marks share the similar wording, MIRAMAR. This similarity creates a confusingly similar commercial impression because consumers are likely to believe that registrant has begun offering similar  goods and services under another iteration of its registered mark. Thus, the substitution of wording does not create a distinct commercial impression that distinguishes applicant's mark from registrant's mark.


Therefore, the marks are confusingly similar.


- MIRAMAR CLUB, in standard characters (U.S. Registration No. 6616262)

In this case, the marks are highly similar because the marks share the wording/phrasing, MIRAMAR. The only difference between the marks is applicant's substitution of the wording CLUB with the wording RAG & BONE in its mark.


In this case, both marks share the similar wording, MIRAMAR. This similarity creates a confusingly similar commercial impression because consumers are likely to believe that registrant has begun offering similar  goods and services under another iteration of its registered mark. Thus, the substitution

of wording does not create a distinct commercial impression that distinguishes applicant's mark from registrant's mark.

Therefore, the marks are confusingly similar.

  *2. Relatedness of the Goods and Services*

Applicant's services:

- Class 35: Retail store services and online retail store services in the field of clothing, accessories, and footwear

Registrant's goods:

- Class 25: clothing, namely, swimwear, tops, shirts, T-shirts, sweatshirts, tank tops, coats, jackets, sweaters, pullovers, pants; headwear, namely, caps, hats, and visors; footwear, namely, sandals (U.S. Registration No. 3891118)
- Class 25: clothing, namely, swimwear, tops, shirts, T-shirts, sweatshirts, tank tops, coats, jackets, sweaters, pullovers, leggings, pants, shorts, socks, ; headwear, namely, caps, hats, and visors; footwear, namely, and sandals, sleepwear (U.S. Registration No. 3891117)
- Class 25: Clothing, namely, tops, as clothing; sportswear, namely, athletic shirts; caps being headwear (U.S. Registration No. 7115747)
- Class 25: Hats (U.S. Registration No. 6350005)
- Class 25: Clothing, namely, tops, as clothing; caps being headwear (U.S. Registration No. 6616262)

The goods and services are compared to determine whether they are similar, commercially related, or travel in the same trade channels. *See Coach Servs., Inc. v. Triumph Learning LLC*, 668 F.3d 1356, 1369-71, 101 USPQ2d 1713, 1722-23 (Fed. Cir. 2012); *Herbko Int'l, Inc. v. Kappa Books, Inc.*, 308 F.3d 1156, 1165, 64 USPQ2d 1375, 1381 (Fed. Cir. 2002); TMEP §§1207.01, 1207.01(a)(vi).

The compared goods and/or services need not be identical or even competitive to find a likelihood of confusion. *See On-line Careline Inc. v. Am. Online Inc.*, 229 F.3d 1080, 1086, 56 USPQ2d 1471, 1475 (Fed. Cir. 2000); *Recot, Inc. v. Becton*, 214 F.3d 1322, 1329, 54 USPQ2d 1894, 1898 (Fed. Cir. 2000); TMEP §1207.01(a)(i). They need only be "related in some manner and/or if the circumstances surrounding their marketing are such that they could give rise to the mistaken belief that [the goods and/or services] emanate from the same source." *Coach Servs., Inc. v. Triumph Learning LLC*, 668 F.3d 1356, 1369, 101 USPQ2d 1713, 1722 (Fed. Cir. 2012) (quoting *7-Eleven Inc. v. Wechsler*, 83 USPQ2d 1715, 1724 (TTAB 2007)); TMEP §1207.01(a)(i); *see Made in Nature, LLC v. Pharmavite LLC*, 2022 USPQ2d 557, at *44 (TTAB 2022) (quoting *In re Jump Designs LLC*, 80 USPQ2d 1370, 1374 (TTAB 2006)).

The attached Internet evidence establishes that the same entity commonly manufactures, produces, or provides the relevant goods and/or services and markets the goods and/or services under the same mark. Thus, applicant's and registrant's goods and/or services are considered related for likelihood of

confusion purposes. *See, e.g.*, *In re Davey Prods. Pty Ltd.*, 92 USPQ2d 1198, 1202-04 (TTAB 2009); *In re Toshiba Med. Sys. Corp.*, 91 USPQ2d 1266, 1268-69, 1271-72 (TTAB 2009).

Please see the following attached Internet evidence establishing that applicant's goods/services and registrant(s)' goods/services are highly related and commonly emanates from a single source and markets the goods/services under the same mark:

- https://www.jcrew.com/plp/mens/categories/accessories/hats-gloves-scarves (providing         retail store services and online retail store services in the field of clothing, accessories, and footwear and hats, tops, caps, and a variety of clothing)
- https://www.g-star.com/en_us/shop/women/shirts (providing retail store services and online retail store services in the field of clothing, accessories, and footwear and hats, tops, caps, and a variety of clothing)
- https://www.vince.com/men-collection/ (providing retail store services and online retail store services in the field of clothing, accessories, and footwear and hats, tops, caps, and a variety of clothing)

Thus, applicant's and registrant's goods/services are considered related for likelihood of confusion purposes. *See id.*

It is well established that goods and services are considered related for similar marks when the services feature or directly relate to the goods. TMEP §1207.01(a)(ii); *see, e.g.*, *In re Detroit Athletic Co.*, 903 F.3d 1297, 1307 (Fed. Cir. 2018) (finding retail shops featuring sports team related clothing and apparel related to various clothing items, including athletic uniforms); *In re Hyper Shoppes (Ohio), Inc.*, 837 F.2d 463, 464 (Fed. Cir. 1988) (finding retail grocery and general merchandise store services related to furniture); *In re Country Oven, Inc.*, Ser. No. 87354443, 2019 TTAB LEXIS 381, at *13-15 (2019) (finding retail bakery shops related to bread buns); *In re United Serv. Distribs., Inc.*, 229 USPQ 237 (TTAB 1986) (finding distributorship services in the field of health and beauty aids related to skin cream); *Steelcase Inc. v. Steelcare Inc.*, 219 USPQ 433 (TTAB 1983) (finding refinishing of furniture, office furniture, and machinery related to office furniture and accessories); *Mack Trucks, Inc. v. Huskie Freightways, Inc.*, 177 USPQ 32 (TTAB 1972) (finding trucking services related to motor trucks and buses).

The use of similar marks on or in connection with both products and retail-store services has been held likely to cause confusion where the evidence showed that the retail-store services featured the same type of products. *See In re Detroit Athletic Co.*, 903 F.3d 1297, 1307, 128 USPQ2d 1047, 1051 (Fed. Cir. 2018) (holding the use of similar marks for various clothing items, including athletic uniforms, and for retail shops featuring sports team related clothing and apparel likely to cause confusion); *In re Country Oven, Inc.*, 2019 USPQ2d 443903, at *12 (TTAB 2019) (holding the use of identical marks for bread buns and retail bakery stores and shops likely to cause confusion); *In re House Beer, LLC*, 114 USPQ2d 1073, 1078 (TTAB 2015) (holding the use of identical marks for beer and for retail store services featuring beer likely to cause confusion); TMEP §1207.01(a)(ii).

The marks create the same commercial impression and the attached evidence illustrates that the goods and services are commercially related and are likely to be encountered together in the marketplace by consumers. Accordingly, consumers are likely to be confused and mistakenly believe that the products and services originate from a common source. Therefore, registration must be refused. Trademark Act Section 2(d), 15 U.S.C. § 1052(d); *see* TMEP §§ 1207.01 *et seq.*

Although applicant's mark has been refused registration, applicant may respond to the refusal(s) by submitting evidence and arguments in support of registration.

**RESPONSE GUIDELINES**

For this application to proceed, applicant must explicitly address each refusal and/or requirement in this Office action. For a refusal, applicant may provide written arguments and evidence against the refusal, and may have other response options if specified above. For a requirement, applicant should set forth the changes or statements. Please see the Responding to Office Actions webpage for more information and tips on responding.

**How to respond.** File a **response form to this nonfinal Office action** or file a **request form for an extension of time to file a response**.

/Philip Liu/
Philip Liu
Examining Attorney
LO109--LAW OFFICE 109
(571) 272-6792
Philip.Liu@USPTO.GOV

**RESPONSE GUIDANCE**

- **Missing the deadline for responding to this letter will cause the application to abandon.** A response or extension request must be received by the USPTO before 11:59 p.m. **Eastern Time** of the last day of the response deadline. Trademark Electronic Application System (TEAS) system availability could affect an applicant's ability to timely respond. For help resolving technical issues with TEAS, email TEAS@uspto.gov.

- **Responses signed by an unauthorized party** are not accepted and can **cause the application to abandon.** If applicant does not have an attorney, the response must be signed by the individual applicant, all joint applicants, or someone with legal authority to bind a juristic applicant. If

applicant has an attorney, the response must be signed by the attorney.

- If needed, **find underline contact information for the supervisor** of the office or unit listed in the signature block.

6350005

# MIRAMAR EXPRESS

| | |
|---|---|
| **Word Mark** | MIRAMAR EXPRESS |
| **Goods/Services** | IC 025 US 039 022<br>HATS<br>FIRST USE: 2019-06-01. FIRST USE IN COMMERCE: 2020-08-17.<br><br>IC 028 US 050 038 022 023<br>TOYS, namely, TOY VEHICLES, TOY TRAINS<br>FIRST USE: 2019-06-01. FIRST USE IN COMMERCE: 2020-08-17. |
| **Register** | PRINCIPAL |
| **Serial Number** | 88978863 |
| **Filing Date** | 2019-02-25T00:00:00 |
| **Original Filing Basis** | 1b |
| **Current Filing Basis** | 1a |
| **Publication Date** | 2019-12-31 |
| **Registration Number** | 6350005 |
| **Date Registered** | 2021-05-11 |
| **Owner** | (REGISTRANT) Caruso Property Management, Inc. (CORPORATION; CALIFORNIA, USA); 101 The Grove Drive, Los Angeles, CALIFORNIA 90036, UNITED STATES |
| **Type of Mark** | TRADEMARK |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Live Dead Indicator** | LIVE |
| **Status** | REGISTERED |

**Attorney of Record**          Jill Anderfuren

**Print:** October 30, 2025 6:50 AM

**3891117**



| | |
|---|---|
| **Word Mark** | MIRAMAR |
| **Goods/Services** | IC 025 US 039 022<br>clothing, namely, swimwear, tops, shirts, T-shirts, sweatshirts, tank tops, [ vests, blouses, ] coats, [ overcoats, suits, ] jackets, [ sports coats, ] sweaters, pullovers, [ jumpers, skirts, dresses, body suits, leotards, ] leggings, pants, [ trousers, sweatpants, ] shorts, [ gloves, ] socks, [ underwear, and belts ] ; headwear, namely, caps, hats, and visors; footwear, namely, [ shoes ] and sandals, sleepwear [, athletic uniforms ]<br>FIRST USE: 2009-08-26. FIRST USE IN COMMERCE: 2009-08-26. |
| **Register** | PRINCIPAL |
| **Serial Number** | 77824502 |
| **Filing Date** | 2009-09-11T00:00:00 |
| **Original Filing Basis** | 1b |
| **Current Filing Basis** | 1a |
| **Publication Date** | 2010-01-19 |
| **Registration Number** | 3891117 |
| **Date Registered** | 2010-12-14 |
| **Owner** | • (REGISTRANT) Miramar Brands Group, Inc. (CORPORATION; CALIFORNIA, USA); 36 West Colorado Boulevard, Pasadena, CALIFORNIA 91105, UNITED STATES<br>• (LAST LISTED OWNER) ASCHER, STEPHEN Y, JR, MR (INDIVIDUAL; USA); 530 South Lake Avenue, 562, Pasadena, CALIFORNIA 91101, UNITED STATES |
| **Type of Mark** | TRADEMARK |

| | |
|---|---|
| **Mark Drawing Code** | (5) WORDS, LETTERS, AND/OR NUMBERS IN STYLIZED FORM |
| **Description of Mark** | • Color is not claimed as a feature of the mark.<br>• The mark consists of the term "Miramar" in a stylized font. |
| **Live Dead Indicator** | LIVE |
| **Status** | CANCELLATION TERMINATED - SEE TTAB RECORDS |
| **Attorney of Record** | KEITH JAASMA |

**Print:** October 30, 2025 6:50 AM

**6616262**

# MIRAMAR CLUB

| | |
|---|---|
| **Word Mark** | MIRAMAR CLUB |
| **Goods/Services** | IC 025 US 039 022<br>Clothing, namely, tops, as clothing; caps being headwear<br>FIRST USE: 2020-12-31. FIRST USE IN COMMERCE: 2021-05-01. |
| **Register** | PRINCIPAL |
| **Serial Number** | 88983448 |
| **Filing Date** | 2019-07-12T00:00:00 |
| **Original Filing Basis** | 1b |
| **Current Filing Basis** | 1a |
| **Publication Date** | 2020-09-22 |
| **Registration Number** | 6616262 |
| **Date Registered** | 2022-01-11 |
| **Owner** | (REGISTRANT) Caruso Property Management, Inc. (CORPORATION; CALIFORNIA, USA); 101 The Grove Drive, Los Angeles, CALIFORNIA 90036, UNITED STATES |
| **Type of Mark** | TRADEMARK |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Live Dead Indicator** | LIVE |
| **Status** | REGISTERED |
| **Attorney of Record** | Jill Anderfuren |

3891118

# MIRAMAR

| | |
|---|---|
| **Word Mark** | MIRAMAR |
| **Goods/Services** | IC 025 US 039 022<br>clothing, namely, swimwear, tops, shirts, T-shirts, sweatshirts, tank tops, [ vests, ][ blouses, ] coats, [ overcoats, ][ suits, ] jackets, [ sports coats, ] sweaters, pullovers, [ jumpers, skirts, dresses, body suits, leotards, leggings, ] pants [, trousers, sweatpants, shorts, gloves, socks, underwear, and belts ]; headwear, namely, caps, hats, and visors; footwear, namely, [ shoes and ] sandals, [ sleepwear, ] [ athletic uniforms ]<br>FIRST USE: 2009-08-26. FIRST USE IN COMMERCE: 2009-08-26. |
| **Register** | PRINCIPAL |
| **Serial Number** | 77824504 |
| **Filing Date** | 2009-09-11T00:00:00 |
| **Original Filing Basis** | 1b |
| **Current Filing Basis** | 1a |
| **Publication Date** | 2010-01-19 |
| **Registration Number** | 3891118 |
| **Date Registered** | 2010-12-14 |
| **Owner** | • (REGISTRANT) Miramar Brands Group, Inc. (CORPORATION; CALIFORNIA, USA); 36 West Colorado Boulevard, Pasadena, CALIFORNIA 91105, UNITED STATES<br>• (LAST LISTED OWNER) ASCHER, STEPHEN Y, JR, MR (INDIVIDUAL; USA); 530 South Lake Avenue, 562, Pasadena, CALIFORNIA 91101, UNITED STATES |
| **Type of Mark** | TRADEMARK |

**Mark Drawing Code**          (4) STANDARD CHARACTER MARK

**Live Dead Indicator**        LIVE

**Status**                     CANCELLATION TERMINATED - SEE TTAB RECORDS

**Attorney of Record**         KEITH JAASMA

**Print:** October 30, 2025 6:50 AM

**7115747**

# MIRAMAR BEACH

| | |
|---|---|
| **Word Mark** | MIRAMAR BEACH |
| **Goods/Services** | IC 025 US 039 022<br>Clothing, namely, tops, as clothing; sportswear, namely, athletic shirts; caps being headwear<br>FIRST USE: 2021-12-31. FIRST USE IN COMMERCE: 2022-06-30. |
| **Register** | PRINCIPAL |
| **Serial Number** | 88985150 |
| **Filing Date** | 2019-07-12T00:00:00 |
| **Original Filing Basis** | 1b |
| **Current Filing Basis** | 1a |
| **Publication Date** | 2020-09-22 |
| **Registration Number** | 7115747 |
| **Date Registered** | 2023-07-18 |
| **Owner** | (REGISTRANT) Caruso Property Management, Inc. (CORPORATION; CALIFORNIA, USA); 101 The Grove Drive, Los Angeles, CALIFORNIA 90036, UNITED STATES |
| **Type of Mark** | TRADEMARK |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Live Dead Indicator** | LIVE |
| **Status** | REGISTERED |
| **Attorney of Record** | Jill Anderfuren |

**Print:** October 30, 2025 6:50 AM



Cardigan Stitch Beanie    $135

Cashmere Baseball Cap    $125

Donegal Cashmere Beanie    $145















g-star.com/en_us/shop/men/accessories                    10/30/2025 7:06:09 AM











