UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Rag & Bone Holdings, LLC and RB Topco Sagl,

    Plaintiffs,

  v.

Miramar Brands Group, Inc.,

    Defendant.

Case No. 1:25-cv-09937-LGS

## Declaration of Moses Khuu in Opposition to Plaintiff's Motion for Preliminary Injunction

I, Moses Khuu, declare and state as follows:

1. I have personal knowledge of the facts stated herein, and if called to testify as a witness, I could and would testify competently thereto.

2. I have known Stephen Yount Ascher, Jr. for many years and am familiar with his role at Miramar Brands Group, Inc. ("MBG"). I have always understood "Miramar" to be his company's brand and the name under which MBG develops and manages lifestyle, athletic, and apparel initiatives.

3. On or about September 16, 2025, after seeing online and social media content promoting the new "Rag & Bone Miramar" brand, I believed MBG had entered into a formal collaboration with Rag & Bone. Because of that belief, I sent

1

Mr. Ascher the following text message: "Steve, rag & bone collaboration with Miramar? That's awesome! Why didn't you give me heads up??"

4. My wife and I are frequent purchasers and fans of Rag & Bone, and later that same day, after not hearing from Mr. Ascher, I sent a second text message after seeing additional promotional material that appeared to reference both Miramar and tennis legend Andre Agassi: "rag & bone, Miramar, and Agassi??? This is great. But again, you definitely should have clued me in."

5. These messages accurately reflect my genuine belief at the time, which was that Rag & Bone was publicly advertising and executing a "Miramar"-branded collaboration that I assumed Mr. Ascher and MBG were involved in.

6. I was surprised to learn afterward that no such collaboration existed, especially since I know Miramar was the owner of the Queen & King of the Court® events and tours, and that Rag & Bone was using the MIRAMAR name and brand without MBG's authorization. My confusion arose entirely from Rag & Bone's marketing, which presented "Miramar" as a brand used on or off the court with Agassi, an association familiar to me through Mr. Ascher and MBG's longstanding branding activities.

7. My understanding was that this was an official MBG/Rag & Bone product launch or co-branded initiative. Nothing in the advertising or messaging suggested otherwise.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and if called to testify, I could and would competently do so.

Executed on this 20th day of January 2026 at _____LOS Angeles_____.

Signed by:

*[signature]*
7E9DA7981E5B4FE...
1/20/2026

3

CERTIFICATE OF SERVICE

I hereby certify that, on January 20, 2026, a true and correct copy of the above document was provided to all counsel of record through the Court's CM/ECF system.

/s/ Stephen M. Lobbin