UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Rag & Bone Holdings, LLC and RB Topco Sagl,

        Plaintiffs,

    v.

Miramar Brands Group, Inc.,

        Defendant.

Case No. 1:25-cv-09937-LGS

**Declaration of Greg Lorber in Opposition to Plaintiff's Motion for Preliminary Injunction**

I, Greg Lorber, declare and state as follows:

1. I have personal knowledge of the facts stated herein, and if called to testify as a witness, I could and would testify competently thereto.

2. I am engaged in the apparel and lifestyle business and have been in discussions with Miramar Brands Group, Inc. ("MBG") regarding a potential license involving its MIRAMAR® brand. I have known Stephen Ascher, Jr. for over 40 years, originally through my father, and our prior family company, Lorber Industries, once a major west coast supplier of fabrics to most major apparel and denim brands.

3. On or about October 17, 2025, I sent a written communication to

1

MBG's principal Stephen Yount Ascher, Jr. in connection with our ongoing licensing discussions. In that communication, I inquired whether, under the contemplated license, I would be permitted to engage in "drops" or limited-release collections utilizing the MIRAMAR® brand. I specifically asked whether, in addition to footwear and swimwear, the contemplated license would allow expansion into additional lifestyle categories, including but not limited to beach umbrellas, beach towels, and denim MIRAMAR-branded caps.

4. In the same communication, I referenced my interest in pursuing market share and business opportunities comparable to or competitive arrangement with Tommy Bahama, which I estimated to be a business exceeding $50 million annually. I further stated that the credibility associated with MBG's then-existing or anticipated deal with Rag & Bone would materially enhance my ability to pursue such opportunities at scale and to secure commercial partners and distribution.

5. As part of that inquiry, I asked directly whether denim categories were already "taken" by Rag & Bone, or reserved under the contemplated arrangement or by virtue of any existing or pending agreement. In addition, and as a material condition to moving forward with any license discussions, I sought explicit clarification that MBG in fact possessed the legal rights and authority to license the MIRAMAR® brand in the categories discussed.

2

6. In that same communication, I further asked whether Rag & Bone had approved, consented to, or otherwise permitted MBG to license its MIRAMAR® brand, given Rag & Bone's public association with the mark and the credibility that association conveyed in the marketplace. My request for clarification reflected a genuine concern, shared by commercial partners and licensees, as to whether MBG's licensing authority was unencumbered and whether any license would be consistent with, or restricted by, Rag & Bone's use or claimed rights.

7. At the time of my communication, MBG was holding itself out as having the authority to license the MIRAMAR® brand across multiple apparel and lifestyle categories, I viewed the association between MBG and Rag & Bone was viewed by me as a material source of commercial credibility, and confirmation of ownership, consent, and scope of rights was a necessary prerequisite to entering into any licensing relationship.

8. I sent the communication in good faith, in the ordinary course of business negotiations, and with the expectation that MBG would clarify and confirm its rights and authority before any license was finalized. Because of the present uncertainty, however, we cannot finalize the license.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and if called to testify, I could and would competently do so.

Executed on this 20th day of January 2026 at ____Los Angeles____.

Signed by:

*Greg Lorber*
F926E1C0041748E...

1/20/2026

4

## CERTIFICATE OF SERVICE

I hereby certify that, on January 20, 2026, a true and correct copy of the above document was provided to all counsel of record through the Court's CM/ECF system.

/s/ Stephen M. Lobbin

5