**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RAG & BONE HOLDINGS, LLC and RB TOPCO SAGL,<br><br>       Plaintiffs,<br><br>    v.<br><br>MIRAMAR BRANDS GROUP, INC.,<br><br>       Defendant. | Case No. 1:25-cv-09937-LGS |

## [PROPOSED] STIPULATED PROTECTIVE ORDER

Before the Court is the proposed stipulated protective order of Plaintiffs Rag & Bone Holdings, LLC ("Rag & Bone") and RB Topco Sagl (together, "Plaintiffs"), and Defendant Miramar Brands Group, Inc. ("MBG" or "Defendant").

After careful consideration, it is hereby **ORDERED** as follows:

1. This Stipulated Protective Order shall apply to all documents, materials, and information, including, without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure, Local Rules of the United State District Courts for the Southern and Eastern Districts of New York (the "Local Rules"), and Judge Schofield's Individual Rules and Procedures for Civil Cases (the "Individual Rules").

2. Information designated as "CONFIDENTIAL" shall be information that is of a confidential, proprietary, private, or sensitive nature for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. In light of the nature of the claims and allegations in this action, discovery will potentially involve

1

the production of confidential records, including, among other things, records containing sensitive business operations materials and financial information of the parties, trade secret information, and information otherwise protected from disclosure by agreement with third parties. Information that is designated by a party as CONFIDENTIAL must first be reviewed by that party's counsel and the designation as CONFIDENTIAL must be based on a good faith belief that the information is confidential or otherwise entitled to protection.

3.       Information designated as "ATTORNEY'S EYES ONLY" shall be information that is of a highly sensitive nature such that its disclosure to the full extent otherwise permitted by this Stipulated Protective Order reasonably could result in competitive, commercial, or personal harm to any person or to that person's reputation. Information that is designated by a party as ATTORNEY'S EYES ONLY must first be reviewed by that party's counsel and the designation as ATTORNEY'S EYES ONLY must be based on a good faith belief that the information is entitled to such protection.

4.       CONFIDENTIAL documents, materials, and/or information (collectively, "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

a)       the parties to this action, including any employees of a party to whom disclosure is reasonably necessary for this action;

b)       outside counsel retained specifically for this action who have appeared in this action on behalf of a party or who are employed by the law firm which has appeared on behalf of that party, and all in-house and General Counsel for any party to this action, including any paralegal, clerical or other legal assistants employed by such counsel and/or assigned specifically to work on this action;

c)    as to any document, its author, its addressee, and any other person shown on the face of the document as having received a copy;

d)    any person retained by a party to serve as an expert witness or consultant or otherwise provide specialized advice to counsel in connection with this action;

e)    stenographic reporters and video technicians who are engaged in proceedings necessarily incident to the conduct of this action;

f)    independent photocopying, graphic production services, or other litigation support services employed by the parties or their counsel to assist in this action, including computer service personnel performing duties in relation to a computerized litigation system;

g)    during their depositions, witnesses and attorneys for witnesses in the action to whom disclosure is reasonably necessary;

h)    any mediator or settlement officer, and their supporting personnel, mutually agreed upon by the parties to this action;

i)    all personnel employed by any insurance company, that may be liable to satisfy all or part of a possible judgment in the action, and who is/are actively involved in the defense or settlement of this action;

j)    the Court and its employees; and

k)    other persons by written agreement of the parties.

5.    ATTORNEY'S EYES ONLY documents, materials, and/or information (collectively, "ATTORNEY'S EYES ONLY information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to persons set forth in paragraphs 4(b)-(f), 4(j) and 4(k).

6.      Prior to disclosing any CONFIDENTIAL or ATTORNEY'S EYES ONLY information to any person listed above in subparagraphs 4(d) and (g), such person shall be provided by counsel with a copy of this Stipulated Protective Order and shall be requested to sign a Statement of Confidentiality in the form annexed hereto, stating that that person has read this Stipulated Protective Order and agrees to be bound by its terms. If any person identified in subparagraph 4(g) refuses to sign the Statement of Confidentiality, on the record at the commencement of the deposition that person shall be advised of the terms of this Stipulated Protective Order and that the deposition is being taken subject to this Stipulated Protective Order. All signed Statements of Confidentiality shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel. The Statement of Confidentiality is attached as **Exhibit A**.

7.      Documents are designated as CONFIDENTIAL or ATTORNEY'S EYES ONLY by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY." Subject to appropriate redaction, each document shall convey the same information and image as the original document. Copies, extracts, summaries, notes, and other derivatives of CONFIDENTIAL or ATTORNEY'S EYES ONLY information shall also be deemed confidential and shall be subject to the provisions of this Stipulated Protective Order.

8.      Whenever a deposition involves the disclosure of CONFIDENTIAL or ATTORNEY'S EYES ONLY information, the deposition or portions thereof shall be designated as CONFIDENTIAL or ATTORNEY'S EYES ONLY and shall be subject to the provisions of this Stipulated Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as

4

CONFIDENTIAL or ATTORNEY'S EYES ONLY after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) calendar days after notice by the court reporter of the completion of the final deposition transcript. If the deposition transcript needs to be filed prior to a hearing or trial which is less than thirty (30) calendar days from receipt of the final deposition transcript, the party shall give notice of such claim of confidentiality to the other parties represented at the deposition at least five (5) days before filing the deposition transcript or five (5) days before the hearing or trial, whichever is earlier. If the parties represented at a deposition so stipulate, the confidential portion shall be transcribed and bound separately from the non-confidential portion of such deposition.

9.     All CONFIDENTIAL or ATTORNEY'S EYES ONLY information shall not be disclosed or used for any purpose except for prosecuting, defending, or attempting to settle this case. Except for internal use by outside counsel for the parties hereto, for court and deposition copies, and for such use as is expressly permitted under the terms hereof, no person granted access to CONFIDENTIAL or ATTORNEY'S EYES ONLY information shall make any copies, reproductions, transcripts, or facsimiles of the same or any portion thereof.

10.     Counsel for each party shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of any CONFIDENTIAL or ATTORNEY'S EYES ONLY Information.

11.     If any party believes that any document, information or data which is designated CONFIDENTIAL or ATTORNEY'S EYES ONLY does not contain protected material, it may contest the applicability of this Stipulated Protective Order to such information, document or data. The parties agree that if, and when, disputes arise to the applicability of this Stipulated Protective Order, such disputes shall be resolved, if possible by agreement of the parties of this action. In the

5

absence of a resolution, the contesting party may seek resolution by the Court. The document, data or information that is subject to a dispute shall, until further order of the Court, be treated as designated (CONFIDENTIAL or ATTORNEY'S EYES ONLY) in accordance with the provisions of this Stipulated Protective Order. The burden of proving that a document is CONFIDENTIAL or ATTORNEY'S EYES ONLY shall be on the designating party even if the motion contesting the designation is filed by the receiving party.

12.    Any party including CONFIDENTIAL or ATTORNEY'S EYES ONLY information with any pleading, motion, or other paper filed with the Court, shall (a) advise the relevant clerk of the United States District Court for the Southern District of New York of the confidential nature of such information; and (b) file such information under seal in accordance with the Local Rules and Individual Rule I.D. Documents may be filed under seal only as provided in Judge Schofield's Individual Rule I.D.3.

13.    If, at any time, a party or non-party discovers that it produced or disclosed CONFIDENTIAL or ATTORNEY'S EYES ONLY information without designation, it must promptly notify the receiving party and identify with particularity the information to be designated CONFIDENTIAL or ATTORNEY'S EYES ONLY (the claw-back notification). The designating party shall then produce the newly-designated information within fifteen (15) days of such notice bearing the CONFIDENTIAL or ATTORNEY'S EYES ONLY designation. Within thirty (30) days of receiving the claw-back notification, the receiving party must (a) certify to the designating party it has destroyed all unmarked copies that it received, made, and/or distributed; and (b) if it was practically unable to mark or destroy any information because disclosures occurred while the receiving party was under no duty of confidentiality under the terms of this Stipulated Protective Order regarding that information, the receiving party must reasonably provide as much information

as practicable to aid the designating party in protecting the information, consistent with the receiving party's attorney-client, work-product, and/or trial-preparation privileges. This provision applies to information already disclosed prior to finalization of this Stipulated Protective Order, but not yet designated CONFIDENTIAL or ATTORNEY'S EYES ONLY.

14.    The parties' consent to this Stipulated Protective Order shall not be construed as a waiver of any privilege or objection any party may have as to the discoverability of any information, material or document, and it shall not be construed as a waiver of any party's right to move to compel any information, material or document. The inadvertent disclosure of any document, communication or other material protected from disclosure and discovery by the attorney-client privilege, the attorney work product doctrine, or other judicially recognized protections or privileges or which are otherwise not subject to discovery under applicable law, regulation, or the Federal Rules of Civil Procedure shall not be deemed to be a waiver of the applicable protections or privileges as to either: (a) the document, communication or materials disclosed, or (b) other protected or privileged documents, communications or materials relating to or concerning the same subject matter. Any documents inadvertently produced, and all copies and records thereof, shall be returned to the producing party or certified by the receiving party to have been destroyed within seven (7) days of the designating party's written notice, in accordance with the Federal Rules of Civil Procedure, Local Rules, and this Stipulated Protective Order.

15.    The restrictions governing CONFIDENTIAL and ATTORNEY'S EYES ONLY information do not apply to material or information obtained or acquired by a party prior to this litigation or to material or information from a source other than discovery in this litigation, and do not preclude a party from using its own confidential material as it deems appropriate or necessary.

16.    Upon final disposition of this action, unless other arrangements are agreed upon by the parties in writing, the provisions of this Stipulated Protective Order will continue to apply to each document and all copies thereof which have been designated as CONFIDENTIAL or ATTORNEY'S EYES ONLY. The CONFIDENTIAL or ATTORNEY'S EYES ONLY documents will not be used for any future case or claim without written permission by the disclosing party, or order of a court of competent jurisdiction after disclosing party has received notice and been given an opportunity to object.

17.    Within sixty (60) days of the final disposition of this action, all CONFIDENTIAL or ATTORNEY'S EYES ONLY information shall be promptly returned to the producing party or destroyed; provided, however, that counsel for each party may retain an archival copy of all: pleadings; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; attorney work product; and consultant and expert work product, even if such materials contain documents designated CONFIDENTIAL or ATTORNEY'S EYES ONLY. Any such archival copies that contain or constitute CONFIDENTIAL or ATTORNEY'S EYES ONLY information remains subject to this Stipulated Protective Order. Whether the CONFIDENTIAL or ATTORNEY'S EYES ONLY information is returned or destroyed, the receiving party must submit a written certification to the producing party by the 60-day deadline that: (a) identifies (by category, where appropriate) all the CONFIDENTIAL or ATTORNEY'S EYES ONLY information that was returned or destroyed; and (b) affirms that the receiving party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the CONFIDENTIAL or ATTORNEY'S EYES ONLY information other than the archival copies permitted to be retained.

18. The parties acknowledge that the Court retains discretion as to whether, in Orders and Opinions, to afford confidential treatment to information that the parties have redacted, sealed or designated as CONFIDENTIAL or ATTORNEY'S EYES ONLY.

Dated:  February 19, 2026
    New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

Consented to by:

Dated: February 18, 2026

*/s/ Kristin J. Achterhof*
Kristin J. Achterhof (*pro hac vice*)
KATTEN MUCHIN ROSENMAN LLP
525 West Monroe St.
Chicago, IL 60661-3693
312-902-5200
kristin.achterhof@katten.com

Mark T. Ciani
Christopher T. Vazquez
KATTEN MUCHIN ROSENMAN LLP
50 Rockefeller Plaza
New York, NY 10020-1605
212-940-8800
mark.ciani@katten.com
christopher.vazquez@katten.com

Timothy H. Gray
KATTEN MUCHIN ROSENMAN LLP
1919 Pennsylvania Ave., N.W.
Washington, DC 20006-3404
202-625-3500
timothy.gray@katten.com

*Counsel for Plaintiffs Rag & Bone Holdings, LLC and RB Topco Sagl*

*/s/ Stephen M. Lobbin*
Stephen M. Lobbin
SML AVVOCATI P.C.
4640 Cass St., #90142
San Diego, CA 92109
949-636-1391
sml@smlavvocati.com

*Counsel for Defendant Miramar Brands Group, Inc.*

9

**EXHIBIT A**

**<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Southern District of New York on _____ [date] in the case of *Rag & Bone Holdings, LLC and RB Topco Sagl. v. Miramar Brands Group, Inc.*, Case No. 1:25-cv-09937-LGS. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my New York agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____