UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X
:
RAG & BONE HOLDINGS, LLC AND RB    :
TOPCO SAGL,    :
Plaintiffs,    :    25 Civ. 9937 (LGS)
:
-against-    :    ORDER
:
MIRAMAR BRANDS GROUP, INC.,    :
Defendant.    :
:
-----------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on March 23, 2026, Plaintiffs filed a motion for a pre-motion conference

regarding discovery (the "Discovery Motion"), a motion to file a supplemental declaration in

opposition to Defendant's pending motion to dismiss (the "Supplemental Declaration Motion")

and two motions to seal, one relating to each of the foregoing (the "Sealing Motions").

**Discovery Motion**

WHEREAS, Plaintiffs request a pre-motion discovery conference to address certain

alleged deficiencies in MBG's document productions.  (Dkts. 81 and 82).  Plaintiffs request

urgent attention to this issue because it affects the evidentiary hearing concerning Plaintiffs'

application for a preliminary injunction scheduled for April 13, 2026, at 10:30 A.M. for which the

exhibit list shall be filed by April 3, 2026.  (Dkt. 69).  It is hereby

**ORDERED** that by **March 26, 2026**, Defendant shall file its response to the Discovery

Motion.

**Supplemental Declaration Motion**

WHEREAS, Plaintiffs request leave to file a supplemental declaration regarding recently

discovered evidence in opposition to MBG's pending motion to dismiss. (Dkts. 84 and 85).

Plaintiffs argue that the evidence supplies support for the Court's jurisdiction over MBG.  It is

hereby

**ORDERED** that by **March 27, 2026**, Defendant shall file its response to the Supplemental Declaration Motion.

**<u>Sealing Motions</u>**

WHEREAS, Plaintiffs seek to file under seal the following documents related to the Discovery Motion: (i) the Discovery Motion (Dkt. 81); (ii) Exhibit D attached thereto, containing excerpts of the deposition transcript of Stephen Y. Ascher, Jr. designated "Confidential" by MBG (Dkt. 81-1) and (iii) Exhibit E attached thereto, containing an email communication designated "Confidential" and "Attorney's Eyes Only" by MBG (Dkt. 81-2) (the "Discovery Documents"). (Dkt. 80).

WHEREAS, Plaintiffs seek to file under seal the following documents related to the Supplemental Declaration Motion: (i) the Supplemental Declaration Motion (Dkt. 84); (ii) the accompanying Supplemental Declaration of Mark T. Ciani in Opposition to Defendant's Motion to Dismiss (Dkt. 84-1) and (iii) Exhibits B and D attached thereto, containing excerpts of the deposition transcript of Stephen Y. Ascher, Jr. designated "Confidential" by MBG (Dkt. 84-2), and excerpts of the deposition transcript of Susan Valero, which MBG may designate as "Confidential" on or before April 9, 2026 (Dkt. 84-3) (the "Supplemental Documents" and, together with the Discovery Documents, the "Documents"). (Dkt. 83).

WHEREAS, a three-part inquiry determines whether to seal a document. *See Olson v. Major League Baseball*, 29 F.4th 59, 87-88 (2d Cir. 2022); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). The first question is whether the document is "a judicial document subject to the [presumed] right of public access," meaning that the document is "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*,

2

435 F.3d at 119.[1]  The second step, if the presumption attaches, is to determine the weight of the presumption by assessing "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts."  *Id.* The third step is to balance against the presumption any "competing considerations" such as "the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure."  *Id.* at 120.  In weighing the presumption against competing considerations, a court must consider the "qualified First Amendment right of access" and can seal documents based on this right only "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest."  *Id.*

WHEREAS, the party moving to place documents under seal "bears the burden of showing that higher values overcome the presumption of public access."  *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 469 (S.D.N.Y. 2017).  Examples of "higher values" include protecting the attorney-client privilege, *Lugosch*, 435 F.3d at 124-25, "the privacy interests of innocent third parties," *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995), and the confidentiality of sensitive commercial information, *see Ayrton Cap. LLC v. Bitdeer Techs. Grp.*, No. 24 Civ. 5160, 2025 WL 1745680, at *2 (S.D.N.Y. June 24, 2025).

WHEREAS, Plaintiffs request to file the Documents under seal because of Plaintiffs' obligations under the Stipulated Protective Order, dated February 19, 2026.  (Dkt. 73).  "Courts in this District have long held that bargained-for confidentiality does not overcome the presumption of access to judicial documents."  *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168-69 (S.D.N.Y. 2018) (collecting cases); *accord Riseandshine Corp. v. PepsiCo Inc.*, No. 21 Civ. 6324 (LGS),

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

3

2024 WL 3290416, at *2 (S.D.N.Y. July 2, 2024).  It is hereby

**ORDERED** that by **April 7, 2026**, Defendant shall file its response to the Sealing

Motions.  Because Plaintiffs proposed wholesale redactions of the Documents, Defendant shall

propose narrowly tailored redactions for each of the Documents it seeks to maintain under seal or

explain why wholesale redaction is necessary.

Dated: March 24, 2026
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE