UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                       :
RAG & BONE HOLDINGS, LLC AND RB                        :
TOPCO SAGL,                                            :
                                    Plaintiffs,        :          25 Civ. 9937 (LGS)
                                                       :
               -against-                               :               ORDER
                                                       :
MIRAMAR BRANDS GROUP, INC.,                            :
                                    Defendant.         :
                                                       :
-------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

        WHEREAS, on March 23, 2026, Plaintiffs filed a motion for a pre-motion conference

regarding discovery to address certain alleged deficiencies in MBG's document productions (the

Discovery Motion).  (Dkts. 81 and 82).  The Discovery Motion alleges that Defendant appears to

be relying on its principal, Stephen Ascher, to search for and collect responsive documents and is

producing those documents without the metadata necessary to properly evaluate them. Plaintiffs

cite several discovery deficiencies, including unproduced text messages and emails.  (*See* Dkt.

82-1).  Plaintiffs argue that Fed. R. Civ. P. 34(b)(2)(E)(ii) requires that electronically stored

information be produced in a manner that is "reasonably usable," which Plaintiffs argue includes

metadata for all electronic documents.

        WHEREAS, the Discovery Motion requests that the Court compel Defendant's counsel

to: (i) review Stephen Ascher's Gmail account and identify and produce responsive emails;

(ii) image Mr. Ascher's phone to collect, review and produce responsive text messages and

(iii) make both past and future productions in native or TIFF format with metadata.  The

Discovery Motion further requests that the Court compel certain declarants (Stephen Y. Ascher,

Jr., Susan Valero, Neal Kusnetz and Greg Lorber) to search for and produce their

communications with Defendant, as required by the February 9, 2026, Order.  (Dkt. 69).  The

Discovery Motion requests that Defendant and the declarants complete their productions by March 31, 2026.

WHEREAS, Plaintiffs requested urgent attention to the Discovery Motion because it affects the evidentiary hearing concerning Plaintiffs' application for a preliminary injunction scheduled for April 13, 2026, at 10:30 A.M. for which the exhibit list shall be filed by April 3, 2026. (Dkt. 69).

WHEREAS, on March 24, 2026, Defendant was ordered to respond to the Discovery Motion by March 26, 2026. (Dkt. 87).

WHEREAS, on March 26, 2026, Defendant filed its response to the Discovery Motion (the "Response"). (Dkt. 88). The Response denies the asserted deficiencies and argues that Defendant's counsel does not have the skill or ability to image Mr. Ascher's phone to collect, review and produce responsive text messages. The Response further states that if the Court believes such procedures are proportional to the needs of this case, Plaintiffs may utilize and pay their own e-discovery vendor to image Defendant's mobile phones, computers and any other devices. Defendant objected to each of Plaintiffs' requests as "vague, ambiguous, overly broad, unduly burdensome," and committed to "produce non-privileged, non-protected responsive documents in their possession or custody that it can locate, if any, following a reasonable search." (Dkt. 88-1).

WHEREAS, having reviewed the Discovery Motion and the Response, the Court finds Defendant not to be performing its discovery obligations reasonably and in good faith. It is hereby

**ORDERED** that the Discovery Motion is **GRANTED** in part and **DENIED** in part. By **April 1, 2026**, Defendant's counsel shall (i) review Mr. Ascher's Gmail account and identify and

2

produce responsive emails; (ii) image Mr. Ascher's phone to collect, review and produce responsive text messages and (iii) make both past and future productions in native or TIFF format with metadata.  If Defendant prefers to allow Plaintiffs to utilize an e-discovery vendor to assist with that process, Defendant is permitted to do so, but Defendant shall bear the associated costs. By **April 1, 2026**, Stephen Y. Ascher, Jr., Susan Valero, Neal Kusnetz and Greg Lorber shall search for and produce their communications with Defendant pursuant to the Order dated February 9, 2026.  It is further

**ORDERED** that Plaintiffs are permitted to supplement their exhibit list for the evidentiary hearing as necessary as soon as possible following the April 3, 2026, deadline with any newly produced documents.

The Clerk of Court is respectfully directed to close the motions at Dkts. 81 and 82.

Dated: March 27, 2026
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

3