UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                    :
RAG & BONE HOLDINGS, LLC AND RB          :
TOPCO SAGL,                                          :
                                    Plaintiffs,      :          25 Civ. 9937 (LGS)
                                                    :
                      -against-                      :                ORDER
                                                    :
MIRAMAR BRANDS GROUP, INC.,               :
                                    Defendant.     :
                                                    :
-------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

        WHEREAS, on April 6, 2026, Plaintiffs filed a motion for sanctions (Dkts. 98 and 99)

(the "Sanctions Motion") and a motion to seal (Dkt. 97) (the "Sealing Motion").

        WHEREAS, Plaintiffs seek to file under seal certain documents related to the Sanctions

Motion designated "Confidential" or "Attorney's Eyes Only" by Defendant (the "Documents").

(Dkt. 97).

        WHEREAS, a three-part inquiry determines whether to seal a document.  *See Olson v.

Major League Baseball*, 29 F.4th 59, 87-88 (2d Cir. 2022); *Lugosch v. Pyramid Co. of

Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  The first question is whether the document is "a

judicial document subject to the [presumed] right of public access," meaning that the document is

"relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*,

435 F.3d at 119.[1]  The second step, if the presumption attaches, is to determine the weight of the

presumption by assessing "the role of the material at issue in the exercise of Article III judicial

power and the resultant value of such information to those monitoring the federal courts." *Id.*

The third step is to balance against the presumption any "competing considerations" such as "the

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and
citations are omitted, and all alterations are adopted.

danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Id.* at 120.  In weighing the presumption against competing considerations, a court must consider the "qualified First Amendment right of access" and can seal documents based on this right only "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.*

WHEREAS, the party moving to place documents under seal "bears the burden of showing that higher values overcome the presumption of public access." *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 469 (S.D.N.Y. 2017).  Examples of "higher values" include protecting the attorney-client privilege, *Lugosch*, 435 F.3d at 124-25, "the privacy interests of innocent third parties," *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995), and the confidentiality of sensitive commercial information, *see Ayrton Cap. LLC v. Bitdeer Techs. Grp.*, No. 24 Civ. 5160, 2025 WL 1745680, at *2 (S.D.N.Y. June 24, 2025).

WHEREAS, Plaintiffs request to file the Documents under seal because of Plaintiffs' obligations under the Stipulated Protective Order, dated February 19, 2026.  (Dkt. 73).  "Courts in this District have long held that bargained-for confidentiality does not overcome the presumption of access to judicial documents." *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168-69 (S.D.N.Y. 2018) (collecting cases); *accord Riseandshine Corp. v. PepsiCo Inc.*, No. 21 Civ. 6324 (LGS), 2024 WL 3290416, at *2 (S.D.N.Y. July 2, 2024).  It is hereby

**ORDERED** that by **April 8, 2026**, Defendant shall file its response to the Sanctions Motion.  It is further

**ORDERED** that by **April 20, 2026**, Defendant shall file its response to the Sealing Motion.  Because Plaintiffs proposed wholesale redactions of the Documents, Defendant shall propose narrowly tailored redactions for each of the Documents it seeks to maintain under seal or

explain why wholesale redaction is necessary.

Dated:  April 7, 2026
        New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**