# SML Avvocati P.C.
San Diego|Los Angeles|Orange County
T: 949.636.1391
E: sml@smlavvocati.com

July 15, 2026

**VIA ECF**

Honorable Lorna G. Schofield
United States District Court
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

> Re:     Status of Pending Motions
> *Rag & Bone Holdings, LLC et al. v. Miramar Brands Group, Inc.*
> Case No. 1:25-cv-09937-LGS (S.D.N.Y.)

Dear Judge Schofield:

Pursuant to Your Honor's Individual Rules and Procedures for Civil Cases Rule I.B.1, Defendant Miramar Brands Group, Inc. ("MBG") respectfully advises the Court that MBG's Motion to Dismiss (*see* Dkt. Nos. 64, 74-76, 79 and 91) and Plaintiffs' Motion for Preliminary Injunction (*see* Dkt. Nos. 9, 54, 65-68, 122-123, 128 and 130) have been pending for over 15 weeks and 6 weeks, respectively.

MBG faces compounding prejudice without decisions on these motions. Concerning the Motion to Dismiss, MBG already has expended an enormous amount of time and resources defending itself in this action, including voluminous discovery and time-consuming depositions, perhaps without this Court properly having personal jurisdiction or proper venue (as asserted in the Motion to Dismiss). Concerning the Motion for Preliminary Injunction, MBG has been subject to a TRO it believes to be unjustified for over 7 months, since December 3, 2025 (*see* Dkt. No. 20). This is an exceedingly long period of time for a TRO to remain in effect. *See U.S. D.I.D. Corp. v. Windstream Commc'ns, Inc.*, 775 F.3d 128, 135 (2d Cir. 2014) ("Discouraging abuse of TROs is particularly important given the 'drastic' character of the remedy.") (citing *Pan Am. World Airways, Inc. v. Flight Eng'rs Int'l Ass'n*, 306 F.2d 840, 843 (2d Cir. 1962). Additionally, without a significant bond should a preliminary injunction issue, MBG has no remedy available for the devastating effect on its business with each day it is subject to the TRO, or any future preliminary injunction. *See* Dkt. No. 128 at 28 ("[A]ny grant of the motion should compel an enormous bond for the complete destruction of MBG's

business via Plaintiffs' 'reverse trademark confusion' which has overwhelmed the marketplace and effectively 'disappeared' MBG's brand identity in and to its incontestably-registered MIRAMAR® trademark rights.").

For these reasons, MBG respectfully request that the Court decide these motions as expeditiously as possible.

Warm regards,

**SML Avvocati P.C.**

/s/ Stephen M. Lobbin