**SML Avvocati P.C.**
San Diego|Los Angeles|Orange County
T: 949.636.1391
E: sml@smlavvocati.com

September 4, 2026

**VIA ECF**

Honorable Lorna G. Schofield
United States District Court
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re: Defendant's Counterclaims
*Rag & Bone Holdings, LLC et al. v. Miramar Brands Group, Inc.*
Case No. 1:25-cv-09937-LGS (S.D.N.Y.)

Dear Judge Schofield:

Defendant Miramar Brands Group, Inc. ("Miramar") provides the following response letter pursuant to the Court's August 26, 2026 Order (*see* Dkt. No. 146 at 2) that (a) "Plaintiffs [Rag & Bone] shall file a letter brief regarding its motion to strike Defendant's Counterclaims, including on the basis of timeliness and futility," and (b) "Defendant shall respond to Plaintiffs' letter brief by September 4, 2026." *See id.* ("[I]f the Court denies the motion to strike Defendant's Counterclaims, Plaintiffs shall respond to Defendant's motion for preliminary injunction by September 15, 2026.").

The procedural timeline of this dispute (including as pled in the related California action) belies Rag & Bone's dishonest attempt to "strike" Miramar's trademark infringement and related claims against Rag & Bone and its retail customers. Rag & Bone filed this action on November 30, 2025, ***and within just 5 weeks thereafter***, on January 4, 2026 Miramar filed in California its Complaint for Trademark Infringement and Unfair Competition against Rag & Bone. The reason Miramar brought its claims against Rag & Bone in California was because Miramar disputed this Court's personal jurisdiction and venue. *See* Dkt. No. 53 (Motion to Dismiss). Miramar could not in good faith assert the necessary jurisdiction and venue in this Court for its Counterclaims until after this Court's August 12, 2026 ruling denying the motion to dismiss. *See* Dkt. No. 139; *see also* Fed. R. Civ. P. 12(a)(4)(A) (Rule 12 motion tolls deadline to answer and plead counterclaims). Following that ruling, on August 25, 2026 Miramar timely filed its Counterclaims against Rag & Bone and the key retailers of the accused infringing apparel

products, as well as its pending Motion for Preliminary Injunction. *See* Dkt. Nos. 144-45. But as can be seen from the history of this dispute, ***the parties' claims against each other were pled promptly and have been pending over 8 months now, since the first week of 2026***. There is no good faith assertion by Rag & Bone of any untimeliness or futility, at least on an honest and fair review of the procedural history.

Nearly three months prior to filing its Counterclaims in this Court, on June 8, 2026 Miramar filed substantively the same trademark infringement claims against the same group of defendants in the California Action, and filed the same preliminary injunction motion because of the urgency of the need for an appropriate court to review and decide the merits of Miramar's entitlement to preliminary injunctive relief. Judge Mónica Ramírez Almadani in the California Action, however, declined to reach the merits and instead stayed the California Action in deference to this Court, noting specifically as follows: "If the [New York] court determines it has personal jurisdiction over MBG, then the parties will have seven (7) additional days (so 14 days from the date of the SDNY decision) to show cause why this case should not be immediately ***transferred*** to the Southern District of New York." *See* Ex. A at 7 (emphasis added). The order mentions no possible dismissal rather than transfer. Judge Ramírez Almadani's ruling was entered July 30, 2026, but the California Action still has not been transferred to this Court, which is why Miramar quickly filed its Counterclaims and Motion for Preliminary Injunction to address ongoing and exacerbating irreparable harm.

One of the reasons for the delay in California is undoubtedly Rag & Bone's baseless request for Judge Ramírez Almadani to dismiss the California Action, rather than transfer it to this Court, despite her order mandating only an "immediate transfer," not any possible dismissal. *See supra*. The trick Rag & Bone hopes to pull off is that a dismissal would erase the timeliness of Miramar's January 2026 Complaint filed in the California Action (only if not transferred to this Court), and then Rag & Bone could try convincing this Court that Miramar raised its Counterclaims only recently as of August 25, 2026 (in an effort to "strike" and block the Counterclaims entirely). But Rag & Bone's own briefing has waived its duplicitous position, in assuring the California court that "[t]he New York court properly has jurisdiction over . . . [Miramar's] counterclaims and third party claims." *See* Ex. B (briefing on transfer issue in California Action). Rag & Bone cannot have it both ways, and this Court should call out its counsel for attempting such trickery and duplicitousness.

The foregoing procedural discussion lays bare why each of Rag & Bone's arguments fails. First, Rag & Bone argues that Miramar filed its Counterclaims "without Plaintiffs' consent or leave of Court." But Rag & Bone's consent is stated in its brief to Judge Ramírez Almadani in the California Action—*i.e.*, "The New York court properly has jurisdiction over . . . [Miramar's] counterclaims and third party claims." *See supra*. And leave of this Court is not necessary under Rule 12(a)(4)(A), as Miramar filed the Counterclaims timely following this Court's ruling on its Motion to Dismiss. *See* Dkt.

No. 144 at 1. Next, Rag & Bone cites this Court's Scheduling Order, but as explained hereinabove, Miramar could not assert in good faith this Court's proper jurisdiction and venue over its Counterclaims until just recently, following the ruling on its Motion to Dismiss. *See supra*. Next, Rag & Bone argues that it would be prejudiced from the "addition of ten new, as-yet-unserved [Counterclaim] defendants," but even if this Court found any incurable prejudice, the solution is not striking anything. Rather, this Court could simply bifurcate Miramar's claims as against the newer defendants for resolution after the claims are resolved as between Rag & Bone and Miramar only.

Next, Rag & Bone argues there is bad faith—which there is but only on the side of Rag & Bone and its counsel. Rag & Bone is trying to play one federal judge off another, and keeping both in the dark about the true pendency of Miramar's claims in these related cases. Miramar has no bad faith in naming additional defendants in case complete relief is not achieved through settlement. Each of the additional defendants made separate and additional profits from the accused infringing products that are subject to disgorgement under the Lanham Act. *See* 15 U.S.C. § 1117(a) (trademark owner "entitled . . . to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action"). Rag & Bone's additional bad faith is plain from its action to begin with, which attempts to make unlawful Miramar's commercial speech aimed precisely at enforcing its federally-registered trademark rights. *See Barbarian Rugby Wear, Inc. v. PRL USA Holdings, Inc.*, No. 06 CIV. 2652 (JGK), 2009 WL 884515, at *6 (S.D.N.Y. Mar. 31, 2009) (trademark demand letters immune from liability under *Noerr-Pennington*) (internal citations omitted). Finally, Rag & Bone argues about "futility" but only as to WHP Global and Guess?, who are the two ringleaders in the campaign of trademark infringement carried out via Rag & Bone. If more facts need be pled, those issues should be reviewed within full motion practice, not in letters.

Based on the foregoing and the briefing provided from the California Action, Defendant Miramar respectfully submits and requests that this Court should not strike anything, and instead move quickly to the merits of the pending preliminary injunction issues. Miramar is interested in and available for another live hearing on its Motion for Preliminary Injunction, and respectfully requests the same as soon as possible.

Warm regards,

**SML Avvocati P.C.**

/s/ Stephen M. Lobbin